United States District Court
Middle District of Florida
Jacksonville Division

**JAMES FISHER,**

    *Plaintiff,*

v.                                            **NO. 3:23-CV-937-MMH-PDB**

**FIRST COAST SECURITY ETC.,**

    *Defendants.*

## Report and Recommendation

Proceeding without a lawyer, James Fisher has filed a complaint, a proposed order, a motion to proceed in forma pauperis (IFP), an "amended complaint," a "motion for warrant," and a "notice of intent."[1] Docs. 1–5. He has filed no fewer than 125 cases in this Court. Here, dismissal without prejudice is warranted because he fails to include in his pleading a short and plain statement of the grounds for this Court's jurisdiction, and no such ground is apparent.[2]

---

[1] Fisher uses all capital letters in his papers. For readability, the undersigned does not use the same style when quoting from Fisher's papers.

[2] Other reasons for dismissal—such as failure to state a claim on which relief can be granted—may also exist. In the interest of judicial economy, the undersigned does not address other possible reasons for dismissal.

In the complaint, Fisher sues "First Coast Security" and "Officer Victoria" ("an employee" of First Coast Security). Doc. 1 at 1. He alleges:

> This Court is empowered to hear and try this case as it involves civil rights violations.
>
> On Monday August 7,2023 approx 2:45 in the afternoon [Fisher] and a friend was at JRTC(Jacksonville Regional Transportation Center) and because of the heat [Fisher] was dangerously close to blacking out. [They] had 20 minutes until [their] connecting bus arrived [Fisher] said to [his] friend lets go inside the lobby where its cool. As [they] tried to enter the lobby defendants employee stopped [them] saying they was cleaning the lobby however there was no cleaning crew anywhere to be seen. The temp on Monday was 110 degrees. [Fisher] asked a bus employee to speak to the manager she said there was no manager. There is always a manager at the station . At that time defendants employee approached [Fisher] saying she got a call from her supervisor claiming [he] was cussing at the bus employees which never happened . [He] requested to speak to her supervisor she refused [he] again asked for the name of her supervisor she refused. She then said [he] could not get on [his] bus at the station that [he] had to walk 4 blocks in the heat to get [his] bus she said she would hold the bus until [he] got off. [Fisher] has already suffered a heat stroke 3 months ago and was in the hospital for 17 days. A report was made to DCF adult services for elderly abuse and they are investigating it for the pirpose of filing criminal charges in state court. [Fisher] also called First Coast News Channel 12.
>
> Due to the actions of defendants employee that was attempted murder, elderly abuse, and reckless endangerment[.]

Doc. 1 at 2, 3 (typographical errors in original).

Fisher demands "$750,000 in undue stress," "an injunction to keep that one officer off the bus property," and "criminal charges be filed on that one officer for 1 count attempted murder, 1 count elderly abuse, &1 count reckless endangerment[.]" Doc. 1 at 4. He contends he is entitled to relief because "defendants employee did knowingly and willingly with malious intent cause [his] health to be endangered by forcing [him] to walk 4 blocks in 110 degree temps to get a bus when [he] could have got the bus at the station" and

2

"defendants employees actions did put [him] at very high risk of heart failure and various other medical issueso her actions[.]" Doc. 1 at 5 (typographical errors in original).

> In the proposed order, Fisher states:
>
> It is hereby ordered and adjudged that Defendant is hereby restrained and enjoined from closing the passengers lobby at the Jacksonville Regional Transit Center located at 100 Lavilla Street Jacksonville Florida 32202 until further order from this Court. This order applies to any and all First Coast Security employees. The lobby is ordered to remain open through regular hours 7 days a week.
>
> Failure to comply will result in the arrest of any and all First Coast Security employees[.]
>
> This order is enforcable until further order of this Court[.]

Doc. 1-1 at 1 (typographical error in original).

In the amended complaint, Fisher states only, "Comes now [Fisher] in the above styled cause and amends the complaint to include the address of the defendant and to also add the CEO of the company[.] Defendants local address is 1 Independent Drive Suite 117 Jacksonville Florida 32202[.] The CEO to be added is E. Bland Cologne[.]" Doc. 3 at 1.

In the "motion for warrant," Fisher asks the Court "to issue a warrant for the arrest of Officer Victoria for … 1 count attempted murder[,] 1 count elderly abuse[,] [and] 1 count reckless endangerment[.]"[3] Doc. 4 at 1 (internal

---

[3] "[T]he decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Id.* at 86. Because the Court lacks jurisdiction, the Court need not decide the motion.

3

numbering omitted). He adds, "[Fisher] respectfully asks this person be held without bond as attempted murder is a capit[a]l crime[.]" Doc. 4 at 1.

In the "notice of intent," Fisher states, "Comes now [Fisher] in the above styled cause and files this their notice of intent to seek the death penalty on Officer Victoria as attempted murder is a capit[a]l crime a sentence of death is warranted pursuant to Florida law[.]" Doc. 5 at 1.

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction[.]" If a court determines jurisdiction is lacking, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). The dismissal must be without prejudice. *Stalley ex. Rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). A court should freely allow a plaintiff to amend the complaint if justice so requires. Fed. R. Civ. P. 15(a)(2).

A federal court may have jurisdiction under a specific statutory grant, federal-question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332(a). *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). Federal-question jurisdiction applies only if a claim arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction applies only if an action is between citizens of different states and involves more than $75,000. 28 U.S.C. § 1332(a). For diversity purposes, a corporation is a citizen of every state of incorporation and the state of its principal place of business. *Id.* § 1332(c)(1).

A court must construe a pleading drafted by a pro se litigant liberally and hold the pleading to a less stringent standard than one drafted by a lawyer. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Liberal

construction means a federal court sometimes must "look beyond the labels used in a pro se party's complaint and focus on the content and substance of the allegations" to determine whether a cognizable remedy is available. *Torres v. Mia.-Dade Cnty.*, 734 F. App'x 688, 691 (11th Cir. 2018). Liberal construction does not mean rewriting a deficient pleading or otherwise serving as de facto counsel. *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

At any stage of a case and on its own, a court may judicially notice a fact that cannot be reasonably disputed because it either is generally known or can be readily and accurately determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)–(d).

Here, Fisher identifies as a defendant "First Coast Securities" with "E. Bland Cologne" as the CEO. Docs. 1, 3. On its website, the Florida Division of Corporations identifies "First Coast Security Services, Inc.," as a Florida corporation with "E Bland Cologne" as its chairman. *See* Florida Division of Corporations, https://search.sunbiz.org/Inquiry/CorporationSearch/ByName (last visited Aug. 28, 2023) (attached). Because the accuracy of business records filed with the Florida Division of Corporations cannot reasonably be questioned, the Court may judicially notice that First Coast Securities Services is a Florida corporation.

Fisher fails to include in his pleading a short and plain statement of the grounds for this Court's jurisdiction, and no such ground is apparent. Dismissal without prejudice therefore is warranted. Justice does not require allowing amendment because, even construing the complaint liberally, no source of federal jurisdiction is apparent from the alleged facts.

The undersigned **recommends** dismissing the action without prejudice and directing the clerk to terminate the pending motions and close the file.

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The failure to serve and file specific objections alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Jacksonville, Florida, on August 28, 2023.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:  James Fisher
    P.O. Box 1942
    Jacksonville, FL 32201